THE BOARD OF COMMISSIONERS OF DECATUR COUNTY *vs.* COX, sheriff.

Attendance upon court by the sheriff or his deputy, and the summoning of tales jurors, are both incident to the office of sheriff, and no extra compensation can be charged therefor. The practice on the part of officers of charging extra fees beyond those prescribed by law is strongly condemned.

Sheriff. Officers. Before Judge WRIGHT. Decatur Superior Court. November Term, 1879.

To the report contained in the decision it is only necessary to add that Cox, sheriff, sued the county commissioners in a justice court on an open account for services

The Board of Commissioners of Decatur County *vs.* Cox, sheriff.

of himself and deputy in attending upon court and summoning talesmen. The justice gave judgment for the plaintiff, and the case was appealed. It was submitted to the court without a jury. He rendered judgment for the plaintiff, and defendants excepted.

FLEMING & RUSSELL, for plaintiffs in error.

GURLEY & TOWNSEND, by brief, for defendant.

WARNER, Chief Justice.

The only question made in this case is, whether the sheriff of Decatur county is entitled to charge the county for services rendered in his official capacity other than is specified in the fee bill as declared in the Code. The court decided that he was, and the county commissioners excepted. The services for which the sheriff sought to make the county liable were : 1st, for five days attendance by himself and deputy upon the November adjourned term of the superior court in January, $25.00; 2nd, for eleven days services of himself and deputy in attending upon the May term of the superior court, $55.00; 3rd, for summoning 40 tales jurors at the May term of the superior court by order of Judge Wright, $6.00—total amount $86.00.

None of these items were either legal or proper charges against the county. The services for which he made these extra charges necessarily appertained to the general duties of his office as sheriff, imposed by law (Code, §361), and his compensation therefor is the fees specified in the fee bill for other enumerated services for which he is entitled to charge, but *no more*. The sheriff when he took the office took it with all its burdens for the emoluments annexed thereto as prescribed by law. The mischievous practice of officers charging for extra services over and above their lawful fees, is a great evil, and cannot be too strongly condemned.

Let the judgment of the court below be reversed.