CLEMENS ELECTRICAL MANUFACTURING COMPANY *vs.* WILLIAM A. WALTON.

Bristol.   March 8, 1897. — May 19, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER,, JJ.

*Petition to establish the Truth of Exceptions — Time of Entry — Entry Fee.*

A petition to this court to establish the truth of exceptions was, on the nineteenth day after notice to the petitioner's attorney of the disallowance of the exceptions, presented at the office of the clerk of courts for the county of Bristol, with a request that it be immediately entered and filed, and, in the absence of the clerk, it was received by a person employed in his office, who indorsed thereon that it was filed and entered on that day.  No entry fee was then paid or demanded, but, on the second day thereafter, upon notice received from the clerk that the petition was not filed or entered for the reason that no entry fee had been paid, the petitioner's attorney, whose office was in Boston, forwarded the entry fee by mail, and stated that it would have been paid when the petition was presented had it been understood that it was required.  On the following day the entry fee was received by the clerk, who thereupon made an entry on the docket that the petition was on that day filed and entered.  *Held,* that, on the facts, the petition was properly filed, within the meaning of Common Law Rule XXX., when it was presented and received at the office of the clerk.

Under St. 1891, c. 87, § 1, a fee of three dollars is payable to the clerk of courts upon the entry of a petition to establish the truth of exceptions.

The provisions of St. 1888, c. 257, § 8, that "the clerks of the courts shall collect all fees in advance," and of St. 1891, c. 87, § 1, that "no suit, action, libel for divorce, or petition shall be entered or filed by the clerk until said [entry] fee is paid," are directory to the clerks, and do not prescribe a condition precedent to the rights of parties under processes which have been duly entered in court without the payment of the proper fees in advance.

FIELD, C. J.    In this action at law brought in the Superior Court for the county of Bristol, and tried by the court without

a jury, the finding was for the plaintiff, and the defendant alleged exceptions. The exceptions were disallowed by the presiding justice of the Superior Court, and thereupon the defendant filed a petition in this court to establish the truth of the exceptions. Two motions were made in this court, one by the plaintiff that the petition be dismissed, the other by the defendant that a commissioner be appointed to hear the evidence and report whether the exceptions alleged have been established as true. The facts have been agreed by the parties. The defendant's attorneys received notice on December 24, 1896, that the exceptions had been disallowed by the presiding justice of the Superior Court. On January 12, 1897, through an attorney at law, they presented the petition to establish the truth of the exceptions at the office of the clerk of courts at Taunton, in said county of Bristol. The office was in charge of Miss Wood, the clerk of the courts for that county being at that time in Florida, and the assistant clerk being in attendance upon the Superior Court then sitting at Fall River. Miss Wood received the petition, and indorsed on it the following : " Bristol ss. Sup. Jud. Court. Filed and entered Jan. 12, 1897. Simeon Borden, Clerk." No entry fee was paid or demanded. On the evening of January 13 the assistant clerk returned to Taunton, and Miss Wood called his attention to the petition, and on the morning of the 14th he wrote to the defendant's attorneys that the petition " was not filed or entered upon the docket of the Supreme Judicial Court for the reason that no entry fee was paid." On the same day the attorneys of the defendant replied, enclosing the entry fee, and saying, " We regret that our representative was not asked to pay it, as he would have done, if he had understood that it was required." On January 15, the assistant clerk wrote them acknowledging the receipt of the entry fee, and saying, " I shall make this entry on the docket of the Supreme Judicial Court: ' Petition received Jan. 12, 1897. Entry fee received Jan. 15, 1897. Filed and entered Jan. 15, 1897.' " The defendant's attorneys protested against this change. The affidavit of the attorney at law who presented the petition states that he fully explained to Miss Wood that he wished her to file and enter the petition immediately ; that she replied that she understood what was wanted, and would file and enter the petition

immediately. And that he was ready and willing to pay all fees, but he was not aware that an entry fee was required. It is to be inferred that Miss Wood did not know, or, if she knew, did not remember, that an entry fee was required.

The statutory provisions which concern the establishing of the truth of exceptions which have been disallowed are found in Pub. Sts. c. 153, § 13, and the rule made by this court pursuant to said section is Common Law Rule XXX., 136 Mass. 598. The rule requires a party to file his petition within twenty days after notice of the refusal of the justice to sign and allow the bill of exceptions "in the court in which the exceptions would by law have been entered, if duly signed and allowed," etc. January 12, 1897, was the nineteenth day after notice of such refusal, and January 14 was the twenty-first day after such notice.

The contention of the plaintiff is, that this petition is within St. 1891, c. 87, § 1; that an entry fee of three dollars was payable, and that the provision that "no suit, action, libel for divorce, or petition shall be entered or filed by the clerk until said fee is paid," is a condition precedent to the right to file such a petition, and that there could be no legal filing until such entry fee had been paid. The contention of the defendant is, that this statute does not relate to petitions filed in the full court of the Supreme Judicial Court, or that, if it does, the provision we have cited is only directory to the clerks, and was not intended to affect the rights of parties when a petition had been actually filed, particularly when an entry fee was not paid because it was not demanded, and *it did not occur to any one present at the time of filing that an entry fee was payable.*

It is not entirely clear that petitions to the full court were intended to be included in the statute. Certainly nearly all the proceedings mentioned in the statute are proceedings over which the full court has no original jurisdiction. In the present case, however, as the original action was in the Superior Court, this petition was the first proceeding of any kind relating to it which was within the jurisdiction of the Supreme Judicial Court, and following the analogy of the decision in *Burlingame* v. *Bartlett*, 161 Mass. 593, we are inclined to hold that on the filing of the petition in the Supreme Judicial Court for the county of Bristol the sum of three dollars was payable under St. 1891, c. 87, § 1.

The Supreme Judicial Court sitting in banc for the county of Bristol is not the Supreme Judicial Court for the Commonwealth, in regard to which there are special provisions of statute.

St. 1888, c. 257, established annual salaries for the clerks of courts for the counties named in the statute, and provided that the clerks of the courts in the several counties should account to the treasurer of the county for all fees and moneys of whatever description or character received by them or by any assistant or other person in their offices and employment for any acts done or services rendered in connection with their offices ; and by the eighth section it was provided that " the clerks of the courts shall collect all fees in advance." This statute provided that the annual salaries established for the clerks of the courts in the counties mentioned should be in full compensation for all official services. See Pub. Sts. c. 159, §§ 28–30. St. 1887, c. 112, had made provision for an annual salary of the clerk of the courts for the county of Dukes County, and this statute with the St. 1888, c. 257, established annual salaries for the clerks of courts in all the counties of the Commonwealth.

The provision in St. 1888, c. 257, § 8, that " the clerks of the courts shall collect all fees in advance," probably was inserted for the purpose of holding them accountable for all fees which were by law payable, whether they actually collected them or not ; and it also served as a protection to the clerks against the importunity of lawyers or parties who desired that credit might be given them for the payment of fees. But the provision, we think, could not properly be construed as a condition precedent to the rights of parties under processes which in fact had been duly entered in the courts without the payment of the proper fees in advance. It would require very explicit provisions of statute to induce us to hold that a party must determine, at the peril of losing all benefit from the entry of any writ, petition, or other process, when an entry fee is payable and how much is payable, and must make the payment in advance, although an entry fee is not demanded by the clerk, and the writ, petition, or other process has been actually entered in court. The provision in St. 1891, c. 87, § 1, that " no suit, action, libel for divorce, or petition shall be entered or filed by the clerk until said fee is paid," undoubtedly is in form more nearly mandatory than the provision

in St. 1888, c. 257, § 8, that "the clerks of the courts shall collect all fees in advance," but we are of opinion that this also was intended to be directory to the clerks. The effect of filing with the proper officer, at the proper place, papers required to be filed ought not to be affected by the question whether the proper legal fees have or have not been paid, if the fees are paid which are demanded. The mistake, if any has been made, can be corrected afterwards. We are of opinion that, under the circumstances shown in this case, the petition was properly filed within the meaning of Common Law Rule XXX. when it was received at the proper office by Miss Wood and indorsed by her as filed and entered on January 12, 1897. *Reed* v. *Acton*, 120 Mass. 130. As no other objection is made to the petition, the motion to dismiss must be overruled, and a commissioner to hear the parties upon the allegations of the petition, and to make report to the full court, must be appointed.                       *So ordered.*

*E. W. Burdett & C. A. Snow*, for the defendant.

*S. H. Tyng*, for the plaintiff.