### FLOYD COUNTY *v.* FOSTER, administrator, for use, etc.

When the judge of the superior court requires both the sheriff and his deputies to attend the sessions of that court, such deputies have no claim, either in their own right or in the right of the sheriff, against the county for that service.

Argued October 4, — Decided October 31, 1900.

Complaint — appeal. Before Judge Henry. Floyd superior court. March term, 1900.

*Neel & Neel*, for plaintiff in error.
*J. S. Crawford, W. H. Ennis*, and *M. B. Eubanks*, contra.

Cobb, J. It is the duty of the sheriff to attend upon the sessions of the superior court of the county in which he holds his office;

and if that officer has a deputy or deputies, the judge of the superior court may, in his discretion, require that these officers shall also attend. Civil Code, § 4380 (2). Prior to the passage of the act of 1881, now embodied in the Civil Code, § 5401, the sheriff was not entitled to any compensation for this service. See *Board of Commissioners* v. *Cox*, 65 *Ga.* 80. The act just referred to provides that the sheriff shall be paid, "for attendance on superior courts," five dollars per day for the first twenty days that such courts may be in session in the year, and two dollars for each additional day. There is no law in this State providing compensation for attendance by the sheriff or his deputy, other than that just referred to. The amounts fixed by that act are clearly intended to be the full compensation to be allowed the sheriff, whether the service or attendance is performed by himself alone, by a deputy alone, or by himself and all his deputies, if the presence of the latter is required by the judge. It follows from what has been said that when the judge of the superior court requires the sheriff and all his deputies to attend upon the sessions of that court, and the sheriff has been paid for such service the amount fixed by section 5401 of the Civil Code, the deputies have no claim, either in their own name or in the name of the sheriff, against the county for the services thus rendered.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., and Little, J., absent.*