CLARK, treasurer, *v.* CLARK, sheriff of city court.

FISH, C. J.  1. An act of the General Assembly, approved September 22, 1881 (Acts 1880-81, p. 574), to establish a city court in the county of Richmond, in the 5th section thereof provided as follows: "The clerk and sheriff and their deputies of the superior court of Richmond county shall be ex-officio clerk, sheriff, and deputies of said city court, and for services rendered in said city court shall be entitled to the same fees as are allowed them by law in the superior court, and shall discharge the same duties, and be subject to the same obligations and penalties; and for services rendered where no compensation is provided by law, they shall receive such compensation as the judge of said court shall in his discretion grant." This act was amended by an act approved September 14, 1883 (Acts 1882-1883, p. 527), providing for the payment of the insolvent costs of the clerk and sheriff of the city court of Richmond county in the same manner as the payment of the insolvent costs that may become due said clerk, sheriff, and deputies for services rendered in said city court, when examined and approved by the judge of said city court, and that such costs shall, upon presentation, be paid by the treasurer of the county out of any funds which may be in the treasury. On December 21, 1898, an act was approved (Acts 1898, p. 374), declaring that after its passage "the treasurer of Richmond county shall pay the sheriff of Richmond county, for insolvent costs in criminal cases in the city court of said county, upon presentation of itemized bills, when audited and approved by the presiding judge; provided, the sum so paid shall not exceed in any one year twelve hundred dollars." All laws and parts of laws in conflict with this act were repealed. None of these acts is in violation of the provisions of the constitution of 1877, to the effect that "no special law shall be enacted in any case for which provision has been made by an existing general law." Nor is there any restriction in the constitution upon the legislature in fixing the compensation of the officers of other city courts in a manner different from that prescribed for the officers of the city courts of Atlanta and Savannah, so as to render any of the acts above referred to unconstitutional. *Clark* v. *Black*, 136 *Ga.* 812 (72 S. E. 251).

2. A sheriff is not entitled to pay for any services as costs unless payment for the same be expressly and specifically provided for by statute.

Civil Code, § 4919. *Peters* v. *State*, 9 *Ga.* 109; *Stamper* v. *State*, 11 *Ga.* 643; *Thomas* v. *Thomas*, 61 *Ga.* 70, 72; *Board of Commissioners* v. *Cow*, 65 *Ga.* 80; *Ward* v. *Barnes*, 95 *Ga.* 103, 107 (22 S. E. 133); *Floyd County* v. *Foster*, 112 *Ga.* 133 (37 S. E. 90). See also 32 Cyc. 700 (5). The statutes have expressly provided for the amounts to which sheriffs are entitled as costs in criminal cases. Penal Code (1895), § 1107; (1910) § 1134. Such fee bill, providing for the fees of sheriffs in criminal cases, does not include any fee or any cost as jury fees, nor for' bringing convict witnesses to court, not for serving sci. fas., nor for serving rules. It follows, therefore, that sheriffs can not collect any amounts for services rendered in these respects as costs. Insolvent criminal costs are costs in criminal cases which the statute provides shall be due sheriffs as fees for services rendered in criminal cases and which are expressly and specifically provided for as to the services rendered, and the amount to be paid therefor, and which are insolvent for the reason that they can not be collected either on account of the insolvency of the party liable therefor, or otherwise.

3. Penal Code. (1895) § 1107; (1910) § 1134, in setting forth in the fee bill the fees or costs to be paid sheriffs for specified services in criminal cases, and fixing the amounts to be paid in each case, provides that "the sheriffs are entitled to the following fees, to wit: . . . For conducting a prisoner before a judge or court to and from jail, $1.25." This provision of the statute means that the sheriff shall be entitled to $1.25 "for conducting a prisoner before a judge or court to and from jail" one time; that is, for conducting a prisoner from jail before a judge or court and returning him to jail, a sheriff is only entitled to $1.25 for the whole service. The ruling in *Sapp* v. *Rozar*, 70 *Ga.* 722, holds nothing to the contrary. The record in that case on file in the clerk's office of this court shows that in that case the sheriff was endeavoring by mandamus to collect the sum of 60 cents for each time he turned the key of the jail on the prisoner. The holding in that case was to the effect that the sheriff could only charge 60 cents for turning the key on the prisoner when he was received, and 60 cents for turning the key when he was finally discharged. In this connection see an act of the General Assembly approved March 2, 1875 (Acts 1875, p. 22).

4. One of the items of insolvent criminal costs which the sheriff of the city court of Richmond county was endeavoring to collect by mandamus against the treasurer of that county, in the present suit, was for the sum of $183 for serving subpœnas where "it does not appear for whom issued or whether the witnesses were examined," at 50 cents each. The fee bills in the Penal Code (1895 and 1910), above referred to, provide that in criminal cases, the sheriff shall be entitled, "for summoning each witness, 50 cents." It appears from the record in this case that the judge of the city court of Richmond county examined the item, approved it, and ordered it paid in accordance with the statutes providing for the collection by the sheriff of such court of his insolvent criminal costs. It does not appear from the record that the sheriff was not entitled to the full sum of $183 for subpœnaing witnesses as stated, and we assume that the judge of the city court had before him the evidence necessary to authorize him, after examination of the items, to approve the same and order it paid by the treasurer.

5. It follows from the foregoing that the court erred in making the man-
damus absolute against the county treasurer for jury fees, for bringing
convict witnesses to court, for serving sci. fas., and for serving rules;
and he also erred in making the mandamus absolute for the sum of
$2.50 for conducting each prisoner before the court to and from jail,
the sheriff being entitled, as above stated, to $1.25 only in each case
for such services.

*Judgment affirmed, with direction.    All the Justices concur, except Hill,
J., not presiding.*

DECEMBER 13, 1911.

Mandamus.    Before Judge Walker.    Richmond superior court.
June 6, 1911.

*Salem Dutcher* and *W. K. Miller,* for plaintiff in error.

*W. H. Barrett* and *E. H. Callaway,* contra.