32790. FLOYD COUNTY *v.* JOHNSON, Sheriff.

786

*Matthews, Owens & Maddox,* for plaintiff.

*Lanham, Parker & Clary,* for defendant.

SUTTON, C. J.   Floyd County filed a petition against D. G. Johnson as sheriff of said county seeking a declaratory judgment for the purpose of having determined the amount of fees which the sheriff was legally entitled to collect from the county for the performance of certain duties.   The sheriff in his answer admitted substantially all of the allegations of fact in the petition. The case was tried before the judge of the superior court, without the intervention of a jury, on an agreed statement of facts; and the facts are that the sheriff has rendered services for which he seeks to have the county pay fees to him from county funds, and in the future will render such services and will seek to have the county pay him fees from county funds, as follows: (1)   Summoning witnesses before the grand jury, $1 each.   (2) Summoning himself to appear as a witness before the grand jury, $1 each time.   (3)   Personal services rendered out of the county on official business authorized by the county authorities, in returning to Floyd County persons under arrest on criminal warrants for felonies and misdemeanors, and in transporting lunatics from Floyd County to the State Hospital at Milledgeville, $5 per day for each officer, sheriff or deputy, on each such trip.   (4)   Attending superior court and city court on days when no civil but only criminal business is handled, $10 per day in each court.   The county has refused and will continue to refuse to pay such amounts charged by the sheriff until the propriety of the same has been judicially determined.

The judge of the superior court held:   "(1)   Floyd County is required and authorized by law to pay from county funds fees to the sheriff of said county for summoning witnesses to appear before the grand jury of said county, at the fee of $1.00 for summoning each witness, except as stated in the following subparagraph:   (2)   Floyd County is not required or authorized by law to pay from county funds fees to the sheriff for

summoning himself to appear as a witness before the grand jury of said county; (3) Floyd County is required and authorized by law to pay to the sheriff of said county from county funds a per diem fee of $5.00 for the personal services of himself and $5.00 for the personal services of each of his deputies rendered out of the county on official business authorized by the county authorities in lunacy and felony cases, but not in misdemeanor cases; (4) Floyd County is not required or authorized by law to pay from county funds a per diem to the sheriff of said county . . when no civil business is transacted . . and only criminal matters are handled." The county excepted and assigned as error the ruling of the court in paragraphs 1 and 3 of the above judgment, and the sheriff, by cross-bill, excepted and assigned as error the ruling of the court in paragraphs 2 and 4 of said judgment.

The sheriff has conceded the correctness of the rulings to which he excepted and failed to prosecute his cross-bill in this court (number 32833), and the same has been dismissed. The questions raised in the direct bill of exceptions are: (1) Is the county authorized or required by law to pay from county funds fees to a sheriff for summoning witnesses before the grand jury of said county? (2) Is the county authorized or required by law to pay to a sheriff from county funds a per diem fee of $5 for the personal services of himself and an additional $5 per diem for the personal services of each of his deputies rendered out of the county on official business authorized by the county authorities, in (a) felony cases, and (b) lunacy cases?

■ The first question is answered in the affirmative, under the provisions of Code (Ann. Supp.) § 24-2823. It is provided in said section, with respect to fees for sheriffs in criminal cases, in part, as follows: "Summoning each witness . . 1.00 . . Mileage fees, fees for executing criminals and for guard, fees for subpoenaing witnesses for the State as hereinbefore provided, shall be paid by the county." We think that the meaning of the portion of the Code next above quoted is that the sheriff is entitled to charge and collect a fee of $1 for each witness for the State summoned by him to appear either before the grand jury or petit jury, and that the county is authorized and shall pay such fee to the sheriff. It is contended by the plaintiff in

error, Floyd County, that the decision of the Supreme Court in *Polk County* v. *Crocker*, 112 *Ga.* 152 (37 S. E. 178) which held, "There is, in this State, no law which requires or authorizes county authorities to pay from the county funds fees to a sheriff for summoning witnesses to appear before the grand jury" — is controlling in the present case. The law in effect at the time that decision was rendered, on October 31, 1900, did not authorize or require a county to pay from county funds the fees of a sheriff for summoning witnesses to appear before a grand jury or petit jury. But the General Assembly in 1945 (Ga. L. 1945, p. 221; Code, Ann. Supp., § 24-2823) amended the law with respect to the sheriff's fees by providing, among other things, "fees for subpoenaing witnesses for the State as hereinbefore provided, shall be paid by the county." Witnesses summoned by the sheriff to appear before the grand jury are witnesses for the State. This court, in *Dade County* v. *Lyemance*, 27 *Ga. App.* 420, 425 (108 S. E. 825), ruled that the following provision of § 1133 of the Penal Code of 1910 — "the clerks of the superior courts shall be entitled to charge and collect the following fees for official duties performed by them, to wit: . . For subpoenas, each 15 cents" — was broad enough to include all subpoenas issued by the clerk, whether they be grand jury or petit jury subpoenas. The trial court in the present case did not err in the ruling as contained in paragraph 1 of the judgment with respect to the sheriff's fees for summoning witnesses before the grand jury.

■ As stated by counsel, it frequently becomes necessary for the proper county authorities to authorize the sheriff to make a trip out of the county to return defendants in felony cases for trial and for other purposes, and in some instances it is necessary for the sheriff to be accompanied by one or more deputies on such trips. Code (Ann. Supp.) § 24-2823, with respect to sheriff's fees and costs in criminal cases, provides, among other things: "Personal services rendered out of the county on official business authorized by the county authorities, per day . . $5.00 and actual expenses. . . All cost arising from services rendered in felony cases shall be paid from county funds, whether the defendant is convicted or acquitted."

The sheriff contends that he is entitled to receive a fee of $5

for each officer making such trip, when authorized by the proper county authorities, and the county contends that the sheriff is entitled to only one $5 fee for such trip, and actual expenses, whether the service outside the county is performed by him alone, by a deputy alone, or by him and one or more deputies. We think that the language of the Code (Ann. Supp.), § 24-2823, quoted above, is broad enough to mean that not only the sheriff, but each of his deputies, is entitled to a fee of $5 per day and actual expenses for performing services rendered out of the county in felony cases when authorized by the proper county authorities, and that the county is authorized and could be required to pay such fees to such officers from county funds. Accordingly, the second question raised by the bill of exceptions in this case is answered in the affirmative in so far as the payment relates to the sheriff's costs in felony cases; and the ruling of the trial court in this respect was not error. The cases of *Board of Commissioners of Decatur County v. Cox,* 65 *Ga.* 80, and *Floyd County v. Foster,* 112 *Ga.* 133 (37 S. E. 90), cited and relied on by counsel for the plaintiff in error, do not authorize or require a ruling in the present case different from the one here made, under the law as it now exists.

It is contended by the plaintiff in error that the county authorities are not authorized or required to pay from county funds a per diem of $5 for the personal services of the sheriff and an additional $5 for each of his deputies for transporting a lunatic from the county to the State Hospital in Milledgeville. This contention is conceded by counsel for the defendant in error in their brief in this court. It is agreed by counsel for both parties that the proper method of payment of expenses in lunacy proceedings is by the ordinary's warrant drawn upon the county treasurer, as provided in Code § 49-613. It follows that the portion of the trial court's judgment with respect to the payment of the sheriff's fees in lunacy cases was error, and the judgment in this respect is reversed.

*Judgment affirmed in part and reversed in part, as stated in the above opinion. Felton and Worrill, JJ., concur.*