62904. ORR v. CULPEPPER et al.

POPE, Judge.
Plaintiff appeals from the dismissal of his complaint in this action for personal injuries. The following recitation of facts in the trial court's order provides an accurate review of the facts of record: "Plaintiff brought this action [in the Superior Court of Fulton County] to recover for injuries he suffered when he was hit by defendants' automobile. The accident occurred on . . . November 29, 1978; his complaint was [marked by the clerk's office as] filed on December 4, 1980. Defendants, therefore, moved [the trial] court to dismiss the complaint on the ground that the complaint was not filed before the statute of limitation had run.[1]

"Plaintiff contends that the complaint should have been marked filed on November 26, 1980, when it was received by the clerk's office. Plaintiff showed by affidavit that the complaint was mailed out on November 25, 1980. On the following day plaintiff's attorney's secretary called the clerk's office to verify receipt of the complaint. The affiant stated that she was told by a person in the clerk's office that the complaint had been received. Plaintiff contends that there was no mention of anything being wrong with the complaint that would prohibit its being filed on that day. On . . . December 1 or December 2, 1980 plaintiff's attorney received in the mail from the clerk's office all the materials which plaintiff's attorney had mailed and a note stating that an additional eight dollars ($8.00) was needed for the filing of the complaint." The trial court found that the payment of fees to the clerk was required "prior to the clerk filing

---

[1] Plaintiff was required to have filed his complaint on or before November 28, 1980. *Reese v. Henderson,* 156 Ga. App. 809 (275 SE2d 664) (1980); Code Ann. § 3-1004.

the papers" under Ga. L. 1979, pp. 507, 509 (Code § 24-2727B (e)) and dismissed the complaint as barred by the statute of limitation.

The check which initially accompanied plaintiff's complaint was in the amount of $71.00. This amount apparently included a $55.00 fee for prepayment of court costs, Ga. L. 1979, pp. 507, 509 (Code § 24-2727B); a $1.00 fee for the superior court clerks' retirement fund, Ga. L. 1977, pp. 1098, 1099 (Code Ann. § 24-2739.1); and a $15.00 fee for service of process by the sheriff, Ga. L. 1979, pp. 988, 992 (Code Ann. § 24-2823). However, because plaintiff's complaint named two defendants, an additional $8.00 in prepaid court costs was authorized by statute. Ga. L. 1979, pp. 507, 509 (Code § 24-2727B (d)). Cf. *Atlanta Title &c. Co. v. Tidwell,* 173 Ga. 499 (6) (160 SE 620) (1931); *Clark v. Clark,* 137 Ga. 189 (2) (73 SE 15) (1911). Plaintiff argues that his complaint should have been marked as filed when it was initially received in the clerk's office because the amount of the check was at least sufficient to cover all amounts due the clerk, if not then sufficient to cover the sheriff's fees. He contends that the clerk erred in not filing his complaint under this circumstance and that this error by the clerk should not work a hardship on him. See in this regard Code Ann. § 81-1205. Plaintiff also contends that the interests of justice require his complaint to be considered as having been timely filed.

The appropriate fees in this case for services rendered by the clerk amounted to $64.00 (Code § 24-2727B (d); Code Ann. § 24-2739.1); the fees for services rendered by the sheriff amounted to $15.00 (Code Ann. § 24-2823) — a total of $79.00. Plaintiff's complaint was initially sent to the clerk's office accompanied by a check in the amount of $71.00. As is here pertinent Code § 24-2727B provides: "(e) The sums specified [herein as fees for services rendered by the clerk in certain civil cases] shall be paid to the clerk of the superior court at the time of the filing of the original complaint . . . All sums charged and collected by the clerks of the superior court pursuant to this Code Section shall be paid into the county treasury. (f) The sums specified [herein] shall be in lieu of all other costs for the clerk[s] of such counties in . . . civil cases . . ., but nothing herein shall be construed so as to prohibit the collection of any other costs authorized by law . . . for any other services which the clerk or the sheriff shall perform." Ga. L. 1979, pp. 507, 509. These statutes clearly establish that the clerk in this case correctly determined the amount of the fees to be paid upon the filing of plaintiff's complaint and that the sheriff's fees for service of process are to be collected by the clerk at the time of filing. Plaintiff's contentions to the contrary are therefore without merit.

Nevertheless, were the actions of the clerk in this case such as to

require a finding that she had filed plaintiff's complaint even though unaccompanied by payment of the proper fees? Defendants contend that the foregoing statutes mandate, as a condition precedent to the filing of a complaint, the payment to the clerk of all fees required by said statutes to be paid at the time of filing. Our Civil Practice Act governs the procedure in all courts of record in this state (including the Superior Court of Fulton County) in all suits of a civil nature such as the case at bar. Code Ann. § 81A-101. Under the CPA a civil action is commenced by filing a complaint with the court. Code Ann. § 81A-103. This is accomplished by filing the complaint with the clerk of the court. Code Ann. § 81A-105 (e). "Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver it for service." Code Ann. § 81A-104 (a); Code Ann. § 24-2714 (3). The CPA makes no mention of fees, costs, etc. Rather, such fiscal matters are dealt with in the foregoing statutes relating to clerks of court and to sheriffs. We conclude, therefore, that the statutes making the payment of fees a prerequisite to filing a complaint are directory only, and a failure to pay these fees will not render the filing of a complaint invalid. 71 CJS 842, Pleading, § 408; 15A AmJur2d 154, Clerks of Court, § 19. Accord, *J. D. Jewell v. Hancock,* 226 Ga. 480 (1) (175 SE2d 847) (1970); Hamilton v. Dept. of Ind., Labor and Hum. Rel., 56 Wis. 2d 673 (203 NW2d 7) (1973); U. S. Nat. Bank v. Underwriters at Lloyd's, London, 239 Or. 298 (382 P2d 851) (1963); Poetz v. Mix, 7 N.J. 436 (81 A2d 741) (1951); Livingston Fin. Corp. v. Baudin, 10 La. App. 17 (120 S 401) (1929); Bohart v. Anderson, 24 Okla. 82 (103 P 742) (1909); Clemens Elec. Mfg. Co. v. Walton, 168 Mass. 304 (47 NE 102) (1897).

The provisions in the statutes which provide for the payment of fees at the time of filing were undoubtedly inserted for the purpose of holding clerks of court personally accountable for all fees which are by law payable, whether or not the clerk actually collected them. *J. D. Jewell v. Hancock,* supra; *Whitsett v. Hester-Bowman Enterprises,* 94 Ga. App. 78 (1) (93 SE2d 788) (1956). ". . . [They] also [serve] as a protection to the clerks against the importunity of lawyers or parties who [desire] that credit might be given them for the payment of fees." Clemens Elec. Mfg. Co. v. Walton, supra at 307. Accordingly, a clerk of court may justifiably refuse to file a complaint until the proper fees have been paid. Cf. *Atlanta Title &c. Co. v. Tidwell,* supra at (5).

The facts of record show that plaintiff's complaint was marked as filed by the clerk of court on December 4, 1980. There is a presumption of law that the entry of filing by the clerk of court is correct, but this presumption is rebuttable. *Brinson v. Ga. R. Bank &c. Co.,* 45 Ga. App. 459 (5) (165 SE 321) (1932); see also *Jinks v. American Mtg. Co.,* 102 Ga. 694 (2) (28 SE 609) (1897). The affidavit

submitted in rebuttal to the entry of filing by the clerk in this case showed that the affiant, secretary for plaintiff's counsel McGuigan, Repasky & Greer, had mailed the complaint, along with a check in the amount of $71.00, to the Clerk of the Superior Court of Fulton County on November 25, 1980. On the following day, November 26, 1980 (the Wednesday immediately preceding Thanksgiving), affiant spoke by telephone with someone in the clerk's office regarding the complaint. The substance of that conversation is hearsay and we will disregard it; in any event, no further action in regard to the complaint was taken by affiant at that time. On either December 1 or 2, 1980 (the Monday or Tuesday immediately following Thanksgiving), affiant received by mail all the documents which she had previously mailed to the clerk "along with a hand written note appearing upon the original letter of transmittal, informing me that an additional $8.00 was needed for filing of the complaint." Affiant then prepared a check in the amount of $79.00 and mailed the complaint and that check to the clerk.

Although we have concluded that the clerk of a court has some discretion in filing a complaint not accompanied by payment of the proper fees, the facts in this case do not show that the clerk abused that discretion by an unreasonable delay in rejecting plaintiff's complaint for that reason. Compare Hamilton v. Dept. of Ind., Labor and Hum. Rel., supra. Indeed, none of the actions of the clerk in this case can be construed as a mistake or misprision from which plaintiff would be entitled to relief. See, e.g., *Butts County v. Pitts,* 214 Ga. 12 (102 SE2d 480) (1958), and cases cited; Code Ann. § 81-1205. Since the duties of the clerk relating to the filing of complaints are ministerial in nature, it is beyond her duty or power to concern herself with the statute of limitation governing a complaint presented to her for filing. See *Puckett v. Walker,* 194 Ga. 401 (2) (21 SE2d 713) (1942); *Jones v. Bland,* 69 Ga. App. 883 (27 SE2d 102) (1943). Rather, it is the responsibility of the plaintiff and his counsel to see that the appropriate fees are paid in a timely manner. See *Rucker v. Fuller,* 247 Ga. 423 (276 SE2d 600) (1981); *Smith v. Mayor &c. of Lake City,* 125 Ga. App. 772, 774 (189 SE2d 104) (1972). Accordingly, the trial court correctly found that plaintiff's complaint was filed more than two years after his cause of action for personal injuries had accrued and was therefore barred by the statute of limitation applicable to such actions, Code Ann. § 3-1004. Compare *Kight v. Watts,* 150 Ga. App. 694 (258 SE2d 323) (1979); *State of Ga. v. Jones,* 125 Ga. App. 361 (187 SE2d 902) (1972); Leggett v. Strickland, 640 F2d 774 (1) (5th Cir. 1981).

The interests of justice do not require a different result. "Statutes of limitation, like the equitable doctrine of laches, in their

conclusive effects are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." Order of R. Telegraphers v. Ry. Exp. Agy., 321 U. S. 342, 348 (64 SC 582, 88 LE 788) (1944).

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 9, 1982 —
REHEARING DENIED MARCH 25, 1982 — 

*Paul M. Hawkins, Michael J. Goldman, Alexander J. Repasky,* for appellant.
*Norris C. Broome,* for appellees.