**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 4, 2022**

# In the Court of Appeals of Georgia

A22A0936. DANNENFELSER v. SQUIRES et al.

A22A0980. DOYLE v. SQUIRES et al.

A22A1123. THE HOWARD SCHOOL, INC. v. SQUIRES et al.

DOYLE, Presiding Judge.

This appeal arises from a renewal action filed by the parents of A. S. (a minor) on her behalf and individually against The Howard School, Inc.; Meghan Doyle; and Jacob Dannenfelser. The defendants moved to dismiss the renewal action because it was accepted for filing by the superior court clerk five days after the six-month renewal deadline, but the trial court denied the motion after granting the parents' motion to revert to the original date that the action was submitted for filing. The defendants appeal, contending that the trial court erred because the renewal action

was not properly filed within the six-month deadline. For the reasons that follow, we affirm.

"We review the trial court's ruling on a motion to dismiss under the de novo standard of review."[1] Here, the relevant record is undisputed and shows that A. S. had been a student at The Howard School, and on March 27, 2018, the plaintiffs sued the defendants seeking damages arising from alleged mistreatment of A. S. by Doyle (a teacher at The Howard School) and Dannenfelser (a high-school student at The Howard School). The alleged misconduct occurred between the fall of 2015 and May 2016, so the two-year statute of limitation applicable to personal injury claims ended in May 2018.[2] On September 6, 2019, the plaintiffs voluntarily dismissed the action without prejudice.

---

[1] (Punctuation omitted.) *McWilliams v. Parker*, 362 Ga. App. 147 (867 SE2d 151) (2021), quoting *Durland v. Colotl*, 359 Ga. App. 170, 172 (1) (855 SE2d 83) (2021).

[2] See, e.g., OCGA § 9-3-33 ("actions for injuries to the person shall be brought within two years after the right of action accrues"). The renewal complaint asserts claims by A. S. and her parents. Like the trial court's order, our opinion addresses the two-year statute of limitation in OCGA § 9-3-33 applicable to the claims brought by the parents in their individual capacity. The claims of the minor are subject to the tolling provision of OCGA § 9-3-90 (b). See *Somani v. Cannon*, 363 Ga. App. 610, 612-613 (1) (872 SE2d 9) (2022) ("The filing of a lawsuit on behalf of a minor plaintiff . . . has no effect on tolling . . . and thus does not cause the statute of limitation to begin to run.").

One day shy of six months later, on Thursday, March 5, 2020, the plaintiffs submitted an electronic filing of the renewal action using the e-filing system of the Superior Court of Fulton County. The next day, Friday, March 6, the plaintiffs' attorney noticed that the case had not been marked as accepted for docketing and called the clerk's office.[3] The attorney continued to monitor the docket, calling the clerk's office each business day until Wednesday, March 11, when the e-filing was returned for non-payment of an "additional parties fee." It is undisputed that the attorney had paid the original filing fee (applicable to an action against a single defendant) calculated by the e-filing system at that time, but apparently, according to the plaintiffs' appellate brief and argument in the trial court, their attorney failed to check a box on the e-filing form that would prompt the proper calculation of the fee

---

[3] The content of the clerk's office conversation with the attorney is summarized in an affidavit by plaintiffs' counsel. We do not consider any hearsay representations in the affidavit regarding what clerk staff said to the attorney. See OCGA § 24-8-801 (c) (defining hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"); *Baxley v. Baldwin*, 279 Ga. App. 480, 481 (1) (631 SE2d 506) (2006) ("Affidavits 'shall be made on personal knowledge, shall set forth such facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.' The trial court should strike or refrain from considering any portion of an affidavit containing hearsay, unsupported conclusions, and other inadmissible material.") (footnote omitted).

applicable to this action against three defendants.[4] The plaintiffs' attorney then spoke again with the clerk's office and properly re-filed the case on March 11, 2020, with payment of the additional filing fee. The renewal complaint that appears in the record is stamped as filed on that date.

A week later, on March 18, 2020, the plaintiffs filed a motion to revert the filing date to March 5, the date they initially submitted the renewal complaint.[5] The motion was supported by an affidavit from plaintiffs' counsel explaining the above facts, and an e-filing receipt showing the March 5 submission of the complaint, certificate of payment of costs, a verification, and summonses for the three defendants. The receipt also broke down the calculation of the fees charged and paid at that time: the standard $214 single-defendant court case fee, the $6.73 payment service fee, and the $19 e-file fee.

---

[4] For context, we note that it is undisputed that the court cost fee schedule published by the Superior Court of Fulton County requires payment of an extra $8 for each additional party. See https://www.fultonclerk.org/400/Fee-Schedule (accessed September 2, 2022).

[5] According to the plaintiffs' brief, they filed their motion to revert pursuant to the trial court's standing order that states, "If an E-Document is rejected by the Clerk of Court, and a filer wishes to challenge the rejection and/or relate the date of filing back to the date of the first filing attempt, the filer must petition the Court for such relief." We note that the order itself is not in the record, but there is no dispute as to the basis for the filing of the motion to revert.

In May 2020, the defendants moved to dismiss the renewal action as untimely, and in November 2021, the trial court held a hearing at which all parties were represented but no sworn testimony was taken. Thereafter, the trial court entered an order denying the defendants' motion to dismiss and granting the plaintiffs' motion to revert the filing date to March 5, 2020. The trial court issued a certificate of immediate review, and this Court granted the defendants' applications for interlocutory appeal.[6]

The defendants contend that the trial court erred by granting the motion to revert the filing date because the clerk properly rejected the original filing, and thus the renewal action was barred by the statute of limitation. We disagree.

The process for filing a complaint is governed by the Civil Practice Act and the Uniform Superior Court Rules ("USCR"). The Civil Practice Act, at OCGA § 9-15-4 (a), provides in part that "[a] clerk of the superior court shall not be required to file any civil case or proceeding until the fee required by Code Section 15-6-77 [authorizing the collection of filing fees] . . . has been paid to the clerk." Likewise, USCR 36.10 provides that complaints presented to the trial court clerk for filing

___

[6] Each defendant filed separate notices of appeal. The issues and arguments raised by the parties are the same in each appeal; we have consolidated the appeals for review.

"shall be filed only when accompanied by the proper filing fee, fee for sheriff service or a pauper's affidavit. . . ." But Rule 36.16 (I) provides an avenue for correcting deficiencies: "Upon physical acceptance and review of an e-filing and discovery that it was misfiled or is otherwise deficient or defective, a clerk shall as soon as practicable provide the e-filer notice of the defect or deficiency and an opportunity to cure or, if appropriate, reject the filing altogether."

In *Orr v. Culpepper*,[7] relied on heavily by the defendants,[8] this Court stated that "the statutes making the payment of fees a prerequisite to filing a complaint are directory only, and a failure to pay these fees will not render the filing of a complaint

---

[7] 161 Ga. App. 801 (288 SE2d 898) (1982).

[8] The defendants point out that in *Orr*, this Court addressed a scenario where the plaintiff delivered his complaint to the clerk's office but was later notified that he had underpaid the filing fee by $8, and his complaint was therefore not filed on the date it was received by the clerk. See id. at 803. The trial court ruled that the payment of the total filing fee was a statutory prerequisite to filing and held that the plaintiff's complaint was untimely because the statute of limitation had elapsed before the complaint was marked as properly filed. This Court affirmed the trial court's judgment while clarifying that clerks have some discretion to accept filings even if there is an error in the filing fee payment. See id. at 804. The defendants argue that this case is no different. But based on the ruling *in favor* of the plaintiffs in this case, and the discretion of the trial court, we conclude that *Orr* does not require reversal here.

6

invalid" per se.[9] Moreover, "a trial court has broad discretion to correct clerical errors including a clerk's failure to mark a document as filed on the date that document is actually delivered to the clerk."[10] "[T]he endorsement of the clerk as to the date of filing is the best evidence of the filing of such paper[,] . . . but this is not necessary to the act of filing. . . . *The actual date of filing is the date upon which the paper is handed to the clerk to be filed.* [T]here is a presumption of law that [the] entry of filing by the clerk is correct," but this presumption is rebuttable by evidence showing another date of delivery.[11]

Here, as summarized above, the plaintiffs were obligated to renew the action within six months of the September 6, 2019 voluntary dismissal, i.e., on or before March 6, 2020, at the latest.[12] The plaintiffs e-filed the renewal action on March 5,

---

[9] Id. at 803.

[10] *Barbour v. Sangha*, 346 Ga. App. 13, 15 (2) (815 SE2d 228) (2018).

[11] (Citations and punctuation omitted; emphasis supplied.) *Forsyth v. Hale*, 166 Ga. App. 340, 341 (304 SE2d 81) (1983). See also *Lavan v. Philips*, 184 Ga. App. 573, 573-574 (362 SE2d 138) (1987).

[12] See OCGA § 9-2-61 (a) ("When any case has been commenced . . . within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal. . . ."). See also OCGA § 1-3-1 (d) (3) ( "when a period

7

paying the fee calculated at the time it was filed; nothing in the e-filing process alerted counsel to a problem. The complaint was later returned for re-filing because of a discrepancy in the amount charged for service on the actual number of defendants, and counsel cured the defect by paying the fee immediately.[13] Counsel also moved the trial court to revert the filing date to March 5, and the court granted the motion. It is within the trial court's discretion to grant such a motion, and the record here supports the trial court's exercise of discretion in reverting the filing date to March 5.[14]

---

of time measured in days, weeks, months, years, or other measurements of time except hours . . . , the first day shall not be counted but the last day shall be counted. . . ."); *Parsons v. Capital Alliance Financial, LLC*, 325 Ga. App. 884, 887 (3) (756 SE2d 14) (2014).

[13] See *Anderson v. Hardoman*, 286 Ga. App. 499, 501 (1) (649 SE2d 611) (2007) (failure to collect the proper filing fee or obtain an authorized affidavit of indigency did not authorize dismissal of action). See generally *Forsyth*, 166 Ga. App. at 341 ("[T]he decided cases indicate that the question of 'filing' might be decided on the basis of the context in which the question arises and the good faith of the filing party.").

[14] See generally *Williams v. State*, 328 Ga. App. 876, 880 (1) (763 SE2d 261) (2014) (abuse of discretion encompasses a "range of possible conclusions the trial judge may reach"); *McDonald v. Garden Svcs.*, 163 Ga. App. 851, 852-853 (295 SE2d 551) (1982) (absent an abuse of discretion, this Court will not substitute its judgment for the trial court's, even if this Court or another judge may have reached a different conclusion).

8

2. Doyle and The Howard School also argue that the complaint should have been dismissed because the plaintiffs did not exercise the proper diligence in perfecting service after renewing the action so near the expiration of the statute of limitation.

> If the filing of the petition is followed by timely service perfected as required by law, although the statute of limitation runs between the date of the filing of the petition and the date of service, the service will relate back to the time of filing so as to avoid the limitation. Therefore, if service is made within the five-day grace period allowed by OCGA § 9-11-4 (c), it relates back to the date the complaint was filed as a matter of law. And where a complaint is filed near the statute of limitation and service is made after the statute expires and after the five-day safe harbor provision contained within OCGA § 9-11-4 (c), the relation back of the service to the date of filing is dependent upon the diligence exercised by the plaintiff in perfecting service.[15]

A trial court's ruling on whether a plaintiff carried this burden is reviewed for an abuse of discretion.[16] Although the defendants raised this challenge below, the trial court's order did not address it. Accordingly, we have nothing to review at this time.

---

[15] (Citations and punctuation omitted.) *Giles v. State Farm Mut. Ins. Co.*, 330 Ga. App. 314, 317-318 (765 SE2d 413) (2014).

[16] See *Griffin v. Stewart*, 362 Ga. App. 669, 673 (1) (b) (870 SE2d 3) (2022).

9

*Judgments affirmed. Reese, J., and Senior Appellate Judge Herbert E. Phipps concur.*