No. 10.—HARTWELL H. TARVER, plaintiff in error, *vs.* EDNA-COWART, Adm'x of Thomas G. Cowart, dec'd, defendant.

[1.] The Statute of Limitations does not run against the plaintiff in this State, during the twelve months he is inhibited from suing the defendant's executor or administrator.

Assumpsit and plea of the Statute of Limitations, in Sumter Superior Court. Tried before Judge WARREN, May Term, 1848.

The action in this case, was brought by the plaintiff in error against the defendant in error, returnable to the November term of the Court below, in 1845, upon a note of hand for $464, made by the defendant's intestate, bearing date the 29th day of May, 1838, and payable twelve months thereafter.

To this action the defendant pleaded the Statute of Limitations.

It appeared upon the trial, and by way of reply to this plea, that Thomas G. Cowart, the maker of said note, departed this life in the fall of the year eighteen hundred and forty, and that administration upon his estate, was granted to the defendant in May, eighteen hundred and forty-one. No evidence having been submitted on the part of the defendant, the case was submitted to the Court and jury upon the foregoing facts.

On the part of the plaintiff it was insisted, that the death of the maker of the note, and the granting of letters of administration on his estate to the defendant, suspended the operation of the Statute of limitations, for, and during the term of twelve months, from and after the grant of letters of administration, when the plaintiff was prohibited by law from sueing the defendant; and that as the declaration had been filed in the Clerk's office of the Superior Court, on the 2d day of October, 1845, if the said term of twelve months be not computed, the said action was commenced in time, and the said plaintiff was not barred.

On the part of the defendant it was contended, that the operation of the Statute of limitations, was not suspended or arrested by the death of Cowart, or the grant of letters of administration on his estate to the defendant, the same having occurred after the note fell due, and after the Statute had commenced to run.

Whereupon, the Judge below charged and instructed the jury, that the plaintiff's right of action was barred by the Statute of limitations, and the plaintiff was not entitled, therefore, to recover in this action ; that as the Statute had commenced to run against the plaintiff before the death of defendant's intestate, and the grant of letters of administration to her, its operation was not suspended or affected thereby, although the plaintiff was prohibited from sueing by statute within twelve months from the grant of letters of administration.    The jury found for the defendant.

To which charge and instruction of the Court below, the plaintiff, by his counsel, excepted.

KELLY & GILES, WARREN & FRANKS, and E. R. BROWN, for plaintiff in error.

DUDLEY and CRAWFORD, for defendant.

Brief of KELLY & GILES, for plaintiff in error.

The only question presented by the bill of exceptions in this case is, whether, under the plea of the Statute of limitations, the administratrix should be allowed to compute the 12 months after the grant of administration, during which no suit could have been brought against her in her representative capacity.

The Judge who presided upon the trial of this case in the Court below, held that the 12 months must be computed, and to that decision, the plaintiff has excepted.

The first and principal Statute of limitations of force iu Georgia, was passed in 1767.    *Prince's Dig.* 573.

Twelve months were allowed to executors and administrators, first by the Act of 1792, (*Prince*, 229,) and afterwards by the 12th section of the Act amending an Act to revive and amend the Judiciary system of this State.    *Prince*, 422.

The Act of limitations requires, that suits on promissory notes shall be brought within *six years after they fall due, and not after*. The Legislature evidently intended to allow the whole six years to the creditor, within which to sue.    The direction to sue within six years and not after, evidently permits him to sue within six years.    But the Judiciary Act allows 12 months to executors and administrators, within which no suit can be brought against

them. Now, if the construction given to these Acts be correct, then the Legislature forfeits a right of action, because, it was not brought within six years, when for twelve months of the time, the party was prohibited from sueing by statute. The injustice and absurdity of such a construction is palpable. There is no sort of propriety in punishing a party for not sueing for a length of time, when during a portion of the time he was prohibited by law from sueing.

It is the duty of the Court, if possible, to give effect to both of these statutes. They are both of great utility. And the Court is called upon to reconcile these apparently conflicting provisions, and the only way this can be done, is, to hold that the 12 months shall not be computed, in pleading the Statute of limitations. The Legislature evidently intended that both should stand. They are both undoubtedly of force, having been subequently recognized by numerous Acts of the Legislature. The 12th section of the Act of 1799, is recognized by the Act of 1843. *Pam. p.* 121. *Cobb,* 225. *By the Act of* 1839, *Pam. p.* 146, *and the Act of* 1818, *Prince's Dig.* 443. These Acts virtually engraft an exception upon the Statute of limitations. It is true that they do not say expressly that the Statute of limitations shall be suspended during the twelve months, but they do this virtually.

The Act of limitations is undoubtly of force. *See the Act of* 1839, *Pam. p.* 147, for an amendment of the Act of limitations.

The uniform practice has been to consider both these Acts of full force.

It is the duty of the Court to effectuate the intention of the Legislature, by giving their acts a reasonable and beneficial construction. See 3 *U. S. Dig. p.* 484, *sections* 64, 65, *and* 67.

The uniform construction given to these Statutes, has been the one contended for by the plaintiff. See the cases of *Johnson vs. White,* adm'r, *T. U. P. Charlton's R.* 140. *Jordan vs. Adm'r of Jordan, Dudley's R.* 182.

These decisions have been adhered to, until the decision in this case.

This, we contend, is good evidence of the intention of the legislature. *McKeen vs. De Lancy, 5 Cranch,* 22. 2 *Peter's Cond. R.* 179.

The same construction has been given to similar acts in other States.

Tarver *vs.* Cowart.

In Alabama, *Houpt vs. Shields,* 3 *Port.* 247. *Hutchinson vs. Tolls,* 2 *Ibid,* 44. *Cited* 2 *U. S. Digest, p.* 808, *sect.* 344, 345.

In South Carolina, *Moses vs. Jones,* 2 *N. & M. C.* 259.

In Mississippi, *Angel on Lim.* 2 *Ed. p.* 61.

Massachusetts, *Ibid, p.* 61.

In Kentucky, *Caldwell vs. Irvine,* 4 *J. J. Marsh,* 107. *Cited* 2 *U. S. Dig. p.* 863, *sec.* 238.

In Maryland, 1 *Har. & Johns.* 337.

In New Jersey, *I Halst. See Sill. Ball. Limi.* 118, 119, 163, 238. *Jackson vs. Johnson,* 5 *Cowen,* 96.

*Planters Bank of Prince Geo. Co. vs. Bank of Alexandria,* 10 *Gill & Johnson's R.* 355.

*Wall ads. Robson, N. & M. C.* 498.

E. R. Brown, for plaintiff in error.

The Statutes of limitations were never intended to do injustice, but to advance the ends of justice—to forbid a man by a positive statute to sue, and then destroy his right to sue, because he did not sue, would be revolting to reason. It is true, that the Statute mentions infants, those *non compos mentis* and feme coverts—but does not in so many words embrace a case like this. But it should be remembered that those exceptions are generally mentioned by way of giving instances, as the Legislature could not always see every possible contingency that might arise. The Courts have, however, usually decided that when the statute once commences to run, it seldom ever allows itself to be suspended.

The question has arisen in several of the States, (for it never has arisen in England) when the plaintiffs have been restrained from sueing for a limited period, and it may be safely said that the decisions have been all in favor of suspending the statute, even after the same has commenced to run. *Angel on Lim.* 61. *Colwell vs. Irvine,* 4 *J. J. Mar. R.* 107. *Field vs. Wallace,* 6 *Monroe,* 334. *Hutchinson vs. Tolls,* 2 *Por.* 44. *Houpt vs. Shields,* 3 *V. Por.* 247. *Jordan vs. Jordan, Dudley R.* 182.

*By the Court.*—Warner, J. delivering the opinion.

[1.] By the Act of 1809, it is declared, "That all actions founded on notes, and other acknowledgments, under the hand of the

party, shall be commenced within six years from the time such note or acknowledgment shall become due, and not after." *Prince's Dig.* 577.

By the 12th section of the Judiciary Act of 1799, it is enacted, that " No suit or action shall be issued against any executor, or administrator, for any matter or cause, against the testator or intestate of such executor or administrator, in any of the said Courts, until the expiration of twelve months after probate of the will of such testator, or letters of administration granted on the estate of such intestate. *Prince,* 422.

The Act of 1799, it will be seen, inhibits any suit or action from being brought against an executor, or administrator, until the expiration of twelve months after probate of the will, or granting the letters of administration.

It was suggested on the argument, that the Act of 1809, being *subsequent* to the Act of 1799, necessarily repealed the latter Act; but there is a still later declaration by the Legislature on this subject, in the proviso to the Act of 1818, which declares, "nothing in this Act shall be so construed, as to authorize the bringing any action of any kind whatever, against the representative or representatives of any estate or estates, until twelve months after the probate of the will, or the granting of letters of administration on such estate or estates." *Prince,* 443. There is no doubt as to the general rule, that when the Statute of limitations once attaches, and commences running, it will continue to run; but here the same authority which declares the holder of the note *must* sue within six years, and not after, also declares, no suit or action *shall be brought* against an executor or administrator, until the expiration of twelve months after probate of the will, or grant of administration. It is our duty to give such a construction to these Statutes, as that both may stand, and take effect according to the intention of the Legislature. Did the Legislature intend, that the Statute of limitations should continue to run, during the time the plaintiff is *expressly inhibited* from sueing, by their command? We think not, and the general rule must yield to this express enactment of the sovereign authority, and the time during which the plaintiff is inhibited from sueing, ought not to be computed against him. This same construction was given to these Statutes, by the Judges in convention, and has been, so far

as we know, the uniform rule of decision in our Courts.    *Jordan vs. the adm'r of Jordan, Dudley's R. p.* 182.

Let the judgment of the Court below be reversed.