ROWLAND, administrator, *et al.* v. ROWLAND *et al.*

No. 16330.   NOVEMBER 18, 1948.   REHEARING DENIED NOVEMBER 30, 1948.

*W. L. Ferguson,* for plaintiffs in error.

*R. R. Jones,* contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) ■ The petition sought a receivership for the purpose of liquidating the partnership of D. H. Rowland Lumber Mills. It alleged that D. H. Rowland, who is not a party to this suit, was a member of this firm. Without dealing with the question of the lack of allegations as to insolvency or waste on the part of the partnership, suffice it to say that, in so far as the petition sought a receivership for the partnership, there was a nonjoinder of parties defendant and the petition was subject to the special demurrers directed thereto. Code, § 37-1004; *Wells* v. *Strange,* 5 *Ga.* 22 (3); *Johnston* v. *Preer,* 51 *Ga.* 314; *Elliott* v. *Deason,* 64 *Ga.* 63 (6); *Henderson* v. *Napier,* 107 *Ga.* 342 (1) (33 S. E. 433).

■ By an amendment the widow and daughter sought to recover also as the sole heirs of their deceased son and brother, who was born February 11, 1925, and who died unmarried and intestate prior to the filing of the instant suit. A demurrer directed to this portion of the petition should have been sustained, and any effort to recover as heirs at law of the deceased son and brother denied. This is not a suit to recover realty, in which the heirs at law might, under certain circumstances, have had a right to proceed as plaintiffs, but a suit for an accounting to

recover personalty, which must be instituted by a personal representative of the deceased heir at law. *Morgan* v. *Woods, 69 Ga.* 599(1); *Smith* v. *Smith,* 141 *Ga.* 629(7) (81 S. E. 895); *Brown* v. *Mutual Life Insurance Co.,* 146 *Ga.* 123 (90 S. E. 856); *Denny* v. *Gardner,* 149 *Ga.* 42 (99 S. E. 27).

■ But the failure to join, as a party plaintiff, the personal representative of a deceased heir at law, would not authorize the dismissal of the suit. Under Code, § 113-2201, "any person interested as distributee" may seek an accounting. *Robinson* v. *Georgia Savings Bank & Trust Co.,* 185 *Ga.* 688(2) (196 S. E. 395).

■ Certain demurrers were directed to the petition, asserting that it set forth two separate and distinct causes of action,. in that it was against the defendant as administrator for an accounting, and also as a surviving partner for a settlement of the partnership business, and other partners were not made parties. "The character in which a party is sued may be determined from the substance of the allegations of the petition, considered in its entirety." *Wallace* v. *Wallace,* 142 *Ga.* 408(1) (83 S. E. 113); *Robinson* v. *Georgia Saving Bank & Trust Co.,* 185 *Ga.* 688(3) (supra). Construing the petition in its entirety, it seems clear that the petitioners seek, as heirs at law of the deceased, an accounting against the defendant as administrator for the value of such property as went into his hands, specifying as one item a one-fourth interest in a partnership, and for such issues and profits as have accrued from this property.

The fact that the petition alleges that the deceased owned an interest in a partnership and prayed that a receiver be appointed therefor, and further prayed for an accounting of partnership assets, does not make a cause of action as against a surviving partner. These were merely prayers for something to which the plaintiffs were not entitled, as has been pointed out in the first division of this opinion, and should have been stricken.

■ A ground of demurrer asserts that the petition should be dismissed, for that it is an attempt to establish a right of action against the defendant in two separate and distinct capacities, to wit, against him individually, and as administrator; and that each is a separate and distinct cause of action involving different rights and liabilities. It is insisted that, if sued as an individual,

any judgment would necessarily be against the defendant and his property; while if sued as an administrator the judgment could be only against the estate of the deceased.

If the administrator is correct in his contention, then before instituting a proceeding for an accounting the heirs at law would have to predetermine whether the administrator had retained the estate intact, or had converted the estate, either wholly or partially, to his own use. If the estate was intact, the proceeding would have to be against the administrator in his official capacity; and if wholly converted to his own use, the heirs at law would have to proceed against him as an individual; and if part retained and part converted, then two proceedings would be necessary, one against him individually, and another against him as administrator.

Code §§ 113-2201 and 113-2203 and other related sections, providing for an accounting with an administrator, can not be so construed, as to do so would virtually nullify the intent and purpose of the remedy provided by law to compel an accounting from an administrator. The statute does not specify that the proceeding be brought against the party "as administrator," but provides it be brought against "the administrator." Such a proceeding is not predicated upon any debt or claim against the administrator or the estate. The heirs at law are not creditors of either, but the owners of the property of the deceased, subject to the rules of administration of estates. It is the duty of an administrator to make a settlement. He alone is in a position to know what has become of the assets of an estate. He can not mismanage the estate, or convert a part thereof without there being a joint act as between himself as an individual and as an administrator. As to the disposition of the property of the estate, even though in theory there may be two separate entities, one as an individual and another as administrator, yet, from a practical standpoint, he can not act in either capacity without being joined by himself in the other capacity. The law does not contemplate that the heirs at law would be required to ferret out and determine what assets remain in the estate or what assets have been converted before bringing their proceeding. The statute does not restrict and confine the remedy merely as against the administrator individually or as administrator. Its purpose is to re-

quire an accounting of the property of the estate that went into his hands, and could be maintained whether brought against him as administrator, or jointly as administrator and as an individual.

In such proceedings the judgment would be in accordance with the evidence. If the assets remained in the estate, it would be against the property of the estate; if all had been converted, it would be against the administrator individually; and if part remained in the estate and part converted, then against the property of the estate with a provision that any unsatisfied portion of the judgment be against the administrator individually.

■ The petition was filed October 30, 1947, and alleges that the administrator qualified on January 4, 1936, and that the daughter, Janie Lee Rowland, was born October 15, 1921. The daughter therefore reached her majority October 15, 1942. By demurrer it is contended that the suit shows on its face that it is barred by the statute of limitations. The petition shows that the suit was filed eleven years and more than nine months after the administrator qualified, and that at the time of filing the daughter had, five years and fifteen days previously, reached her majority.

Since we have previously held that this was a proceeding for an accounting against an administrator, the statute of limitations applicable thereto is Code § 3-709, declaring "All actions against executors, administrators, guardians, or trustees, except on their bonds, shall be brought within 10 years after the right of action shall have accrued." The statute does not commence to run until one year after the qualification of the administrator. Code, § 113-1526; *Tarver* v. *Cowart, 5 Ga.* 66; *Pendleton* v. *Andrews,* 70 *Ga.* 306; *Johnson* v. *Johnson,* 80 *Ga.* 260(6) (5 S. E. 629); *Hawes* v. *Glover,* 126 *Ga.* 305(1) (55 S. E. 62). As to the wife, Mrs. Eugenia Rowland, the proceeding was brought eleven years and more than nine months after the administrator qualified, and accordingly her right to bring the action was barred by the statute, and the trial judge should have sustained the demurrer as to her.

As to the daughter, Janie Lee Rowland, it is alleged that she attained her majority October 15, 1942, and the suit was filed five years and fifteen days thereafter. The statute of limita-

tions would not run during her minority. *Anderson* v. *Green,* 46 *Ga.* 361 (10) ; *Munroe* v. *Phillips,* 64 *Ga.* 32 (5). Accordingly, her action was not barred by the statute of limitations.

■ While the trial judge erred in some of the rulings on demurrers, yet the petition set forth a cause of action for some of the relief prayed, and accordingly was not subject to general demurrer. *Beasley* v. *Anderson,* 167 *Ga.* 470 (1) (146 S. E. 22) ; *Arteaga* v. *Arteaga,* 169 *Ga.* 595 (4) (151 S. E. 5) ; *Sutton* v. *Adams,* 180 *Ga.* 48 (1) (178 S. E. 365) ; *Parnell* v. *Wooten,* 202 *Ga.* 443, 447 (43 S. E. 2d, 673).

*Judgment affirmed in part, and reversed in part. All the Justices concur, except Duckworth, C. J., who dissents from the ruling in headnote 4 and the corresponding division of the opinion, and from the judgment in so far as the action is sustained against L. O. Rowland individually.*