S98A0811. PAULUS et al. v. REDDY et al.
(504 SE2d 440)

BENHAM, Chief Justice.

This appeal is from an order appointing a receiver and dissolving a partnership. The appellees are five of the ten partners of a partnership formed to develop and sell real estate located in South Carolina; appellants are the two managing partners, with Paulus being the Managing General Partner. Naming only the two appellants as defendants, appellees applied to the trial court to dissolve the partnership and appoint a receiver, declaring that they would never agree to anything Paulus tried to do with the partnership because they were dissatisfied with Paulus's handling of the property and lack of success in selling property. They also contended that Paulus had breached the partnership agreement by borrowing money on the partnership's behalf when he was not authorized to do so and by paying back part of the loan with partnership income. Appellants denied the allegations of wrongdoing, contended that no grounds existed for awarding the relief sought, and asserted the absence of necessary parties, i.e., the other three partners. After a hearing at which the trial court heard from counsel, but took no evidence, the trial court issued an order which appointed a receiver and ordered dissolution of the partnership, but did not address appellants' contention that necessary parties had not been joined.

Three partners were not made parties to this suit, although appellees were requesting relief from the trial court which would certainly affect the interests of those partners. They were, therefore, necessary parties and the suit was subject to dismissal for their absence. *Rowland v. Rowland,* 204 Ga. 603 (1) (50 SE2d 343) (1948).

LE2d 558) (1982); *Durfee v. Duke,* 375 U. S. 106, 115 (84 SC 242, 11 LE2d 186) (1963).

Appellants raised the issue of nonjoinder in their answer, and the trial court erred in proceeding in the absence of those parties. Accordingly, the judgment of the trial court must be reversed, returning the case to its status prior to judgment so that it may proceed with proper parties, to an evidentiary hearing for the resolution of factual disputes, and to the application of appropriate equitable standards.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 14, 1998.

*William R. Coleman, Jr.,* for appellants.
*Dunstan, Dunstan & Cleary, Mark A. Cleary,* for appellees.