A09A1681. BOYD v. ROBINSON et al.

(683 SE2d 862)

JOHNSON, Presiding Judge.

This case stems from a motor vehicle collision that occurred on February 22, 2000. On February 22, 2002, the date the applicable statute of limitation was set to expire,[1] Allen Boyd, Jr., filed a pro se action against Gary Wayne Robinson and Eckerd Corporation in the Superior Court of Cobb County. However, no attempts to serve Robinson and Eckerd were made until December 28, 2006, when Boyd retained counsel and the attorney sent a notice of the lawsuit and a request for waiver of summons. Service of process was perfected on Robinson and Eckerd in February 2007. Within four days after service of process, Boyd voluntarily dismissed the Cobb County action and refiled it in the Superior Court of Fulton County. Robinson and Eckerd were both served with the Fulton County lawsuit on August 20, 2007, within the applicable limitation period for renewal actions.[2]

Robinson and Eckerd filed a motion for summary judgment, asserting, among other things, that Boyd's claims are barred by judicial estoppel, his spoliation of evidence, and his failure to exercise due diligence in perfecting service of process. The trial court granted the motion for summary judgment, specifically finding that "this action is barred by the doctrine of laches, as Plaintiff's five-year delay in pursuing this action has prejudiced the Defendants' ability to prepare this case and violated their due process rights." Boyd appeals. We are constrained to reverse.

We cannot ascertain from the trial court's order whether the

---

[1] OCGA § 9-3-33.

[2] See *Long v. Bellamy*, 296 Ga. App. 263, 266 (1) (c) (674 SE2d 120) (2009) (service of the renewal action must be perfected within the six-month renewal period or the plaintiff must show she acted diligently).

judge relied upon Boyd's failure to exercise diligence in perfecting service of process in the original suit or whether he relied upon the equitable doctrine of laches, but the ruling must fail on both grounds. First of all, OCGA § 9-2-61 (a) provides:

> When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state . . . either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later, . . . provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once.

Here, there is no dispute that Boyd commenced the initial action within the applicable statute of limitation period. Thus, he was able to voluntarily dismiss that lawsuit and use the renewal statute to "nurse the cause of action into full life"[3] despite the fact that the renewal action occurred five years after the statute of limitation expired and the fact that neither Robinson nor Eckerd was aware of the existence of the original lawsuit until five years after it was filed. Unfortunately for the defendants in this case,

> the renewal statute remains available to a plaintiff where, as here, the original action is filed prior to the running of the statute of limitation and proper service is not perfected on a defendant until after the expiration of such statute, *provided* that the plaintiff voluntarily dismisses the original action before the trial court rules that the case should be dismissed for lack of diligence in perfecting service, in which case the original action becomes void.[4]

Had Boyd voluntarily dismissed his initial lawsuit without first serving Robinson or Eckerd, the action would have been void and the trial court in this case could have dismissed the renewal action.[5] Or had the trial court entered an order dismissing the initial lawsuit because Boyd failed to exercise reasonable diligence in serving Robinson and Eckerd, the action would have been void and the trial court in

---

[3] *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994).

[4] *Allen v. Kahn*, 231 Ga. App. 438, 439 (499 SE2d 164) (1998).

[5] *Hobbs*, supra; see also *Trent v. Franco*, 253 Ga. App. 104, 106 (1) (558 SE2d 66) (2001).

[6] *Hobbs*, supra.

this case could have dismissed the renewal action.[6] However, because Boyd served Robinson and Eckerd in the original action, albeit five years after the statute of limitation had expired, and because Boyd voluntarily dismissed the original action before the trial court ruled that the case should be dismissed for lack of diligence in perfecting service, the original action is merely voidable and not void.[7]

Because Boyd filed a proper renewal action, "any delay in service in a valid first action is not available as an affirmative defense in the renewal action."[8] Boyd's diligence in perfecting service is measured only from the time he filed the renewal action, and the reasonableness of the service in the original action cannot be attacked in the renewal action.[9] We have been constrained to follow this Supreme Court holding on a few occasions, but none of them has had the length of service delay at issue in this case.[10]

In addition, Robinson and Eckerd cannot avail themselves of the equitable doctrine of laches. It is well established that courts of equity "may interpose an equitable bar whenever, from the lapse of time and laches of the complainant, it would be inequitable to allow a party to enforce his legal rights."[11] However, the equitable doctrine of laches does not apply to legal actions.[12]

Statutes of limitation, like the equitable doctrine of laches, are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.[13] "The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them."[14] If ever there was a reason for the Supreme Court to reconsider the *Hobbs'* rule prohibiting the reasonableness of service in the original action to be attacked in the renewal action, this is the case. Until such a time, however, we must abide by the Supreme Court's ruling even though it appears to lead to an unjust result in the present case.

---

[7] See id.; see also *Allen*, supra at 443.

[8] *Hobbs*, supra at 360-361.

[9] Id.

[10] See, e.g., *Allen*, supra at 438 (defendants served approximately three months after complaint was filed and limitation period expired); *Brooks v. Young*, 220 Ga. App. 47 (467 SE2d 230) (1996), overturned, *Allen*, supra at 440-441 (defendant properly served one year after action was filed and one month after limitation period expired).

[11] OCGA § 9-3-3.

[12] See *VATACS Group v. HomeSide Lending*, 281 Ga. 50, 51 (635 SE2d 758) (2006); *Wood v. Garner*, 156 Ga. App. 351, 352 (2) (274 SE2d 737) (1980).

[13] See *Orr v. Culpepper*, 161 Ga. App. 801, 804-805 (288 SE2d 898) (1982).

[14] (Citation and punctuation omitted.) Id.

*Judgment reversed. Ellington and Mikell, JJ., concur.*

DECIDED AUGUST 20, 2009

*William J. Mueller*, for appellant.

*Duncan & Adair, George E. Duncan, Jr., Jennifer C. Adair*, for appellees.