S10G0084. ROBINSON et al. v. BOYD.
(701 SE2d 165)

NAHMIAS, Justice.

The principal issue in this appeal is the application of our decision in *Hobbs v. Arthur*, 264 Ga. 359 (444 SE2d 322) (1994), where we held that, "inasmuch as diligence in perfecting service of process in an action properly refiled under OCGA § 9-2-61 (a) must be measured

---

from the time of filing the renewed suit, any delay in service in a valid first action is not available as an affirmative defense in the renewal action." 264 Ga. at 360-361. In this case, the plaintiff waited almost two years to file a complaint for personal injury and property damage arising out of a truck accident and almost five more years to serve the complaint on the defendants. Before the defendants had a chance to respond, the plaintiff voluntarily dismissed the complaint and filed a renewal action under OCGA § 9-2-61 (a),[1] and the complaint in the new action was then timely served on the defendants. The defendants filed a motion for summary judgment based on the delay in service of the complaint in the original action, which the trial court granted. The Court of Appeals reversed but invited us to reconsider our decision in *Hobbs* in light of the lengthy delay involved in this case. *Boyd v. Robinson*, 299 Ga. App. 795 (683 SE2d 862) (2009). We granted the defendants' petition for certiorari and now affirm.

1. Viewed in the light most favorable to the plaintiff as the party opposing summary judgment, the facts are as follows. On February 22, 2000, in Gwinnett County, Georgia, Gary Robinson backed the tractor-trailer he was driving for Eckerd Corporation several times into the cab of a parked tractor-trailer that Allen Boyd, Jr., was driving. Boyd took photos of the damage with a camera provided by his employer for documenting accidents, and the police responded and filed a report. Robinson provided Boyd with the following handwritten explanation: "While try[ing] to pull into [a] parking area for trucks, as I started in, the back of [the] trailer swung around . . . and caught the right side mirror, hood, [and] fender of another truck that was parked." (Punctuation supplied.) Boyd alleges that he suffered serious injuries as a result of the collision, which were worsened by a second accident on July 3, 2000, when a City of Baton Rouge police cruiser rammed into his car while he was stopped at a red light. In 2001, Boyd and his wife filed a lawsuit in Louisiana to recover for his injuries from the Baton Rouge incident, which they settled in 2003 for $300,000.

Boyd waited until February 22, 2002, the last day before the expiration of the two-year statute of limitation, to file a complaint in

---

[1] OCGA § 9-2-61 (a) provides:
When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later, subject to the requirement of payment of costs in the original action as required by subsection (d) of Code Section 9-11-41; provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once.

Cobb County Superior Court based on the Georgia accident, naming Robinson and Eckerd as defendants. Boyd made no attempt to serve the defendants for nearly five years. Almost seven years after the accident, and almost five years after filing, Boyd perfected service of the complaint; he then promptly filed voluntary dismissals as to each defendant pursuant to OCGA § 9-11-41 (a) (1) (A). Slightly less than six months later, Boyd filed a renewal action in Fulton County Superior Court under OCGA § 9-2-61 (a), which was served on Robinson and Eckerd a week later.

Robinson and Eckerd filed for summary judgment based on waiver, estoppel, and Boyd's failure to exercise due diligence in perfecting service of process in the original action. They also sought partial summary judgment to preclude Boyd from raising claims for damages or injuries resulting from or arising after the second accident because of representations he made in the Louisiana lawsuit and his alleged spoliation of evidence by failing to preserve all photographs of the Georgia accident and one deposition in the Louisiana case, as well as the unavailability of some medical records. Boyd disputed those defenses.

The trial court entered summary judgment in favor of Robinson and Eckerd, finding that "this action is barred by the doctrine of laches, as Plaintiff's five-year delay in pursuing this action has prejudiced the Defendants' ability to prepare this case and violated their due process rights." Boyd appealed. The Court of Appeals reversed, agreeing with Boyd that *Hobbs* controlled while at the same time urging us to overrule that decision. See *Boyd*, 299 Ga. App. at 796. The Court of Appeals has also held that laches could not be used to grant summary judgment in this action at law, because "the equitable doctrine of laches does not apply to legal actions." Id. at 797 (citing *VATACS Group v. HomeSide Lending*, 281 Ga. 50, 51 (635 SE2d 758) (2006)).

2. The General Assembly has enacted statutes of limitation restricting the time a plaintiff has to file a lawsuit — in this case, two years. See OCGA § 9-3-33 ("Actions for injuries to the person shall be brought within two years after the right of action accrues . . . ."). The General Assembly has also enacted a law requiring plaintiffs to serve defendants with the complaint in a timely manner. See OCGA § 9-11-4 ("When service is to be made within this state, the person making such service shall make the service within five days from the time of receiving the summons and complaint; but failure to make service within the five-day period will not invalidate a later service."). Where service occurs after the statute of limitation has run, plaintiffs bear the additional burden of showing the exercise of due diligence in serving the defendants. See *Swain v. Thompson*, 281 Ga. 30, 32 (635 SE2d 779) (2006).

For over a century, however, there has also been a statute providing that if the original complaint was filed within the applicable statute of limitation, the plaintiff may voluntarily dismiss the case and recommence it within six months after the dismissal by filing a new complaint, subject only to the requirement of payment of costs in the original action. See OCGA § 9-2-61 (a). If the dismissal occurs after the statute of limitation has run, "this privilege of renewal shall be exercised only once." Id. Most important for the issue presented, it is firmly established that the renewal suit is deemed an action de novo, in which defenses to the original action are inapplicable unless they would render the original action void and not just voidable. See *Hobbs*, 264 Ga. at 360; *Bishop v. Greene*, 62 Ga. App. 126, 126-127 (8 SE2d 448) (1940); *Edwards v. Ross*, 58 Ga. 147, 149 (1877).

Untimely service of process is such an inapplicable defense. As noted above, in *Hobbs* we held that "inasmuch as diligence in perfecting service of process in an action properly refiled under OCGA § 9-2-61 (a) must be measured from the time of filing the renewed suit, any delay in service in a valid first action is not available as an affirmative defense in the renewal action." 264 Ga. at 360-361. We reversed the Court of Appeals' whole-court decision to the contrary, as well as a panel opinion in a companion appeal. See *Hobbs v. Arthur*, 209 Ga. App. 855, 857 (434 SE2d 748) (1993) (whole-court opinion); *Dependable Courier Svc. v. Dinkins*, 210 Ga. App. 665, 666 (436 SE2d 719) (1993) (panel opinion). The Court of Appeals in this case correctly held that *Hobbs* compelled reversal of the trial court's grant of summary judgment to Robinson and Eckerd based on Boyd's lack of diligence in serving the complaint in the voluntarily dismissed original action.

Prior to 2003, the right to take a unilateral voluntary dismissal generally ran until the plaintiff rested his case; now the right expires at the swearing of the first witness. See OCGA § 9-11-41 (a) (1) (A). The *Hobbs* Court was aware of the potential unfairness of the longstanding rule, which was emphasized by the Court of Appeals in that case, see 209 Ga. App. at 857, but was compelled by the statutory text and precedent to follow the rule. Robinson and Eckerd essentially ask us to rewrite an unambiguous statute; the Legislature may do so if it chooses but this Court may not. See *State v. Fielden*, 280 Ga. 444, 448 (629 SE2d 252) (2006) ("[U]nder our system of separation of powers this Court does not have the authority to rewrite statutes."). The General Assembly is presumably aware of the time periods established by its statutes, including the renewal statute, the five-year rule, and the various statutes of limitation, as well as our longstanding precedent. As we have explained, the renewal provision gives "a plaintiff an opportunity to

escape from an 'untenable position' and relitigate the case, and thus there is no 'bad-faith exception' to the right to dismiss and later relitigate, despite inconvenience and irritation to the defendant." *Lakes v. Marriott Corp.*, 264 Ga. 475, 476 (448 SE2d 203) (1994) (citation omitted). Robinson and Eckerd's arguments are therefore properly directed to the General Assembly.

Robinson and Eckerd seek to avoid this result by claiming a violation of due process. However, they cite no authority finding a constitutional violation on similar facts. Indeed, there is no constitutional right to a specific statute of limitation, and statutes of limitation also may be tolled for many reasons. For example, tolling during a child's minority can result in delays of well over a decade between the alleged incident and the filing of the lawsuit or service of the complaint on the defendant. See, e.g., OCGA § 9-3-90 (a) ("Minors and persons who are legally incompetent because of mental retardation or mental illness, who are such when the cause of action accrues, shall be entitled to the same time after their disability is removed to bring an action as is prescribed for other persons."); *Rowland v. Rowland*, 204 Ga. 603, 608-609 (50 SE2d 343) (1948) (suit for accounting against an administrator filed almost 12 years after the administrator qualified was not barred by the statute of limitation because the plaintiff was a minor for more than half of that time); *Toporek v. Zepp*, 224 Ga. App. 26, 28 (479 SE2d 759) (1996) (contract claims in legal malpractice lawsuit filed over 19 years after the alleged breach of contract were not barred by the statute of limitation because the complaint was filed within four years of the time the plaintiff reached the age of majority).

While there may be an extreme case where the delay was so long and so prejudicial that it would violate due process to allow the case to proceed, this case is not close to that line. Delay also works to the disadvantage of a plaintiff, who bears the burden of proof, and loss or destruction of potential evidence, as the defendants allege occurred here, may be addressed through spoliation arguments or instructions where appropriate. See OCGA § 24-4-22; *Cotton States Fertilizer Co. v. Childs*, 179 Ga. 23, 30-31 (174 SE 708) (1934). Where the General Assembly wishes to put a firm deadline on filing lawsuits, it knows how to enact a statute of repose instead of a statute of limitation. See, e.g., OCGA § 9-3-71 (b), (c); *Wright v. Robinson*, 262 Ga. 844, 845 (426 SE2d 870) (1993) (holding that "the legislature never intended for the dismissal and renewal statutes to overcome the statute of repose").

3. The trial court also found that Boyd was guilty of laches. The Court of Appeals reversed, citing this Court's decision in *VATACS Group*. There we reiterated that "[i]t is a longstanding and well-established rule that the doctrine of laches is an equitable defense

which is not applicable to actions at law . . . . This continues to be a valid statement of the law." 281 Ga. at 50. Robinson and Eckerd present no compelling reasons to alter this rule.

4. Robinson and Eckerd ask us to hold that Boyd is equitably estopped from pursuing this lawsuit on the ground that Boyd concealed from them that a lawsuit had been filed. However, " 'estoppel requires an act on the part of the one intended to influence the other, and detrimental reliance upon that act by the other.' " *Knox v. Wilson*, 286 Ga. 474, 476 (689 SE2d 829) (2010) (citation omitted). See OCGA §§ 24-4-24 (b) (8), 24-4-27. Robinson and Eckerd do not allege an affirmative act of deception by Boyd, and there can be no estoppel by silence without a duty to speak. See *Tybrisa Co. v. Tybeeland, Inc.*, 220 Ga. 442, 445 (139 SE2d 302) (1964). To the extent that Boyd had a duty to speak to Robinson and Eckerd, it was to inform them of the lawsuit; that duty, however, is defined by the Code, which includes the renewal statute. As a result, Boyd was not equitably estopped from proceeding with the renewal action.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 18, 2010.

*Duncan & Adair, George E. Duncan, Jr., Jennifer C. Adair*, for appellants.

*William J. Mueller*, for appellee.