**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BROWN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**December 8, 2023**

# In the Court of Appeals of Georgia

A23A1328. SIMMONS v. TURNER.

BROWN, Judge.

Rickey Simmons appeals from the trial court's dismissal of his renewal suit against Cooper Turner. Simmons contends that the trial court erred in finding that he failed to properly serve Turner and Turner's parent with a copy of the summons and complaint in Simmons' original action and in finding that the original action was void instead of voidable. We find no error and affirm.

"We review the trial court's ruling on a motion to dismiss under the de novo standard of review." (Citation and punctuation omitted.) *Durland v. Colotl*, 359 Ga. App. 170, 172 (1) (855 SE2d 83) (2021). The record shows that Simmons and Turner were involved in a car accident on August 29, 2019, when Turner was 16 years old.

Simmons filed suit against Turner on April 3, 2020, while Turner was still a minor. At the time, Turner was unmarried and residing with his parents. The sheriff's affidavit of service states that Turner was "notorious[ly]" served "by leaving a copy of the action and summons at his most notorious place of abode. . . . Delivered same into hands of Mark Turner."[1] Turner filed an answer by special appearance asserting a lack of personal jurisdiction due to improper service along with a motion to dismiss. On December 29, 2021, the statute of limitation expired.[2] In April 2022, Simmons filed the affidavit of a special process server stating that the process server had "personally served Cooper Turner" with a "Witness Subpoena." On May 13, 2022, Simmons voluntarily dismissed his suit.

On May 26, 2022, Simmons filed a renewal suit against Turner "based upon substantially the same causes of action." Turner acknowledged service and filed an

---

[1] Although not clear based on the record, Simmons alleges that Mark Turner is Cooper Turner's father.

[2] The statute of limitation in this case would have expired on August 29, 2021. See OCGA § 9-3-33 (establishing a two-year statute of limitation for actions for personal injuries). However, as a result of the tolling provisions in the statewide judicial emergency orders issued by the Supreme Court of Georgia in response to the COVID-19 pandemic, the statute of limitation expired on December 29, 2021. See *Garrison v. State*, 368 Ga. App. 819, 822-824 (1) (b) (890 SE2d 869) (2023); *Beauparlant v. Aiken*, 362 Ga. App. 341, 343 (868 SE2d 482) (2022).

answer asserting various defenses including statute of limitation, lack of personal jurisdiction, and failure to state a claim. Turner simultaneously filed a motion to dismiss Simmons' complaint on the basis that Simmons failed to properly serve the original complaint prior to his voluntary dismissal. A hearing was held, but the transcript is not part of the appellate record.

The trial court granted Turner's motion to dismiss, finding that Turner was never personally served with the complaint and summons in the original action. Specifically, in the first attempt, a copy of the complaint and summons was given to Mark Turner, and in the second attempt, Turner was served with a witness subpoena according to the affidavit of service. The trial court further found that Simmons failed to perfect service on Turner's parent. Simmons appeals from the dismissal.

OCGA § 9-2-61 (a) provides for the renewal of a suit as follows:

> When any case has been commenced . . . within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced . . . either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later . . .; provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once.

But, "a suit is incapable of renewal if service was never perfected in the original suit [and] Georgia law is indisputably clear on this issue." (Citation and punctuation omitted.) *McWilliams v. Parker*, 362 Ga. App. 147, 148-149 (867 SE2d 151) (2021). Accord *Alston v. Owners Ins. Co.*, 361 Ga. App. 146, 148-149 (863 SE2d 397) (2021). This is because "[t]he original suit is void if service was never perfected, since the filing of a complaint without perfecting service does not constitute a pending suit." *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994). See also *Thorburn Co. v. Allied Media of Ga.*, 237 Ga. App. 800, 802 (1) (516 SE2d 833) (1999) ("If service is never perfected and is not waived, the court does not acquire jurisdiction over the defendant and the suit is void, since the filing of a complaint without perfecting service does not constitute a pending suit.") (citations and punctuation omitted). Accordingly, we must determine whether Simmons properly served Turner in the original suit.

The provisions governing service on a minor are found in OCGA § 9-11-4 (e) (3), which provides:

(e) . . . Service shall be made by delivering a copy of the summons attached to a copy of the complaint as follows:

(3) If against a minor, to the minor, personally, and also to such minor's father, mother, guardian, or duly appointed guardian ad litem unless the minor is married, in which case service shall not be made on the minor's father, mother, or guardian[.]

"We generally construe the personal service requirements in OCGA § 9-11-4 (e) . . . strictly because notice is central to due process." (Citation and punctuation omitted.) *Crispin v. State of Ga.*, 360 Ga. App. 485, 488 (1) (861 SE2d 444) (2021). The plain wording of the statute requires that the minor must be personally served as well as the minor's parent or guardian. See *Trent v. Franco*, 253 Ga. App. 104, 107 (1) (a) (558 SE2d 66) (2001) ("the personal service required on a minor is separate and distinct from the service required on her parent"). See also *Lanier v. Foster*, 133 Ga. App. 149, 152-153 (2) (210 SE2d 326) (1974). Accordingly, Simmons' first attempt to serve Cooper was unsuccessful because the complaint and summons were given to Mark Turner.

As to the second attempt, Simmons seems to contend that the affidavit of service simply contained a scrivener's error.[3] But as the trial court noted in its order,

---

[3] At times, Simmons' brief is jumbled and even incoherent, making his arguments somewhat unclear.

"[w]hile Plaintiff asserts there is a 'scrivener's error' in the Affidavit, no basis for such claim has been presented." Simmons could have filed an affidavit from the process server in which he averred that this was indeed a scrivener's error and that he actually served Turner with a copy of the complaint and summons rather than a witness subpoena. But Simmons did not do this or put forth any other evidence contradicting the affidavit of service which shows that Turner was not properly served with the complaint and summons on the second service attempt. Cf. *CNL Ins. Am. v. Moreland*, 226 Ga. App. 57, 58 (485 SE2d 515) (1997) ("Factual assertions in briefs are not evidence and may not support a ruling by this Court.").

Simmons also contends that because he voluntarily dismissed the original suit "prior to any substantial rulings by the trial court," the original suit was voidable instead of void. This argument lacks merit.

> The privilege of dismissal and renewal does not apply to cases decided on their merits or to void cases, but does allow renewal if the previous action was merely voidable. The original suit is void if service was never perfected, since the filing of a complaint without perfecting service does not constitute a pending suit. A suit is also void and incapable of renewal under OCGA § 9-2-61 (a) if there has been a judicial determination that dismissal is authorized. However, unless and until the

6

trial court enters an order dismissing a valid action, it is merely voidable and not void.

(Citation and punctuation omitted.) *Trent*, 253 Ga. App. at 106-107 (1). See also *Robinson v. Boyd*, 288 Ga. 53, 56 (2) (701 SE2d 165) (2010) ("it is firmly established that the renewal suit is deemed an action de novo, in which defenses to the original action are inapplicable unless they would render the original action void and not just voidable"). "[W]here the issue is the reasonableness of the service on defendant, outside the statute of limitation, of a timely-filed action, the original action is not void, but is merely voidable and, therefore, subject to renewal." (Emphasis omitted.) *Allen v. Kahn*, 231 Ga. App. 438, 439 (499 SE2d 164) (1998). In other words, so long as the defendant is served before the original action is dismissed — even if after the running of the statute of limitation — the original action is merely voidable and not void, and a valid renewal suit may be filed. See *Boyd v. Robinson*, 299 Ga. App. 795, 796-797 (683 SE2d 862) (2009). But, here, Simmons never perfected service on Turner in the original action.[4] "As a result, when [Simmons] dismissed the original complaint

---

[4] Simmons also enumerates as error the trial court's finding that he failed to properly serve Turner's parent/guardian as required by OCGA § 9-11-4 (e) (3). Given our conclusion that Simmons failed to serve Turner, we need not address this issue.

without ever having served [Turner], the original action was not a 'valid action' to which OCGA § 9-2-61 (a) applied. It necessarily follows that the trial court correctly dismissed [Simmons'] renewal action, filed well after the statute of limitation expired." (Citations omitted.) *Durland*, 359 Ga. App. at 172 (1). See also *McWilliams*, 362 Ga. App. at 149 (affirming dismissal of the plaintiff's renewal suit because plaintiff failed to properly serve the defendant before original action was dismissed).

*Judgment affirmed. McFadden, P. J., and Markle, J., concur.*